UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Glenda J. Passmore,                  Case No. 3:20-cv-1370

        Plaintiff

    v.                                           MEMORANDUM OPINION
                                                  AND ORDER

Commissioner of Social Security,

        Defendant

## I.    INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 23). Judge Baughman recommends I remand the final decision of the Commissioner of Social Security, denying Plaintiff Glenda J. Passmore's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (*Id.*). The Commissioner timely filed objections to the R & R, (Doc. No. 24), and Passmore responded to those objections. (Doc. No. 25).

## II.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact

unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005).  Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)) (alteration added by *Fleischer*).  "[T]he Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

### III. DISCUSSION

As stated by Judge Baughman, Passmore raises a single issue for judicial review, alleging, "The ALJ failed to properly evaluate the opinions provided by the examining source, Mr. Reed, a physical therapist who conducted a functional capacity evaluation and provided specific functional limitations." (Doc. No. 23 at 8 (quoting Doc. No. 15 at 2)). Judge Baughman did not substantively address this issue but instead found the ALJ erred when evaluating and finding "persuasive" the state agency doctors' opinions. (Doc. No. 23 at 9-11). Judge Baughman admits this issue was "not argued by either party" but concluded this alleged error required remand. (*Id.* at 9).

In their responses to the R & R, the parties appear to agree that Judge Baughman's conclusions are not supported by the law. (Doc. Nos. 24 & 25). Further, Passmore maintains "[t]he issue here focuses on the evaluation provided by Mr. Reed, a physical therapist who conducted a functional capacity evaluation, and the ALJ's evaluation of Mr. Reed's opinions in conjunction with the other opinion evidence of record." (Doc. No. 25 at 2). Therefore, rather than further discuss the issue raised by Judge Baughman, I reject the R & R and consider anew the true matter in dispute: whether the ALJ properly evaluated Reed's opinions.

When articulating how persuasive she finds a medical opinion to be, an ALJ must "explain how [she] considered the supportability and consistency factors." 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2). The regulations define these factors by correlation:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2); 20 C.F.R. § 416.920c(c)(1)-(2).

3

The ALJ "may, but [is] not required to, explain how [she] considered" the remaining factors listed in the regulations. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2). One of these factors is the medical source's "relationship with the claimant," which encompasses the length, purpose, and extent of the treatment relationship as well as the existence of an examining relationship and frequency of examinations. 20 C.F.R. § 404.1520c(c)(3); 20 C.F.R. § 416.920c(c)(3).

Here, the ALJ concluded Reed's report as a whole was "somewhat persuasive," explaining:

> The functional capacity evaluation states that the claimant can lift no more than 20 pounds occasionally (but cannot lift up any weight from the floor); needs to change positions at will during the work day; can constantly sit, stand/walk occasionally, never kneel or crawl; can rarely (one to five percent of the day) bend, squat, and climb stairs; can occasionally use her hands and reach; and can perform no repetitive tasks (19F). Such restrictions are found to be somewhat persuasive. These conclusions are supported by a functional capacity evaluation the claimant [h]ad in February of 2018 (19F). The finding of sitting without limitation is consistent with treatment notes showing that the claimant was in no acute distress and the lack of a medical source statement suggesting that the claimant needs to recline during the day (3F/39; 4F/l 7-18). The limitation to no kneel or crawling is consistent with the record, including the claimant's knee degeneration (6F/7; 8F/26-28).
>
> However, this was only a one-time examination, and the report provides limited details of how the claimant performed during the various tests at the evaluation (19F). In addition, the repetitive task, reaching, and use of hand limitations are not supported by the clinical findings upon examination. For instance, the claimant was observed to have strength within normal limits (including grip strength of at least 60 pounds in each hand), and she had normal extremity motion, which does not support the conclusions that the claimant perform no repetitive tasks and can only occasionally reach and use her hands (19F). Further, outside the sitting, kneeling, and crawling limitations, the provided limitations are not fully consistent with the record as a whole, including treatment notes revealing normal gait, the ability to stand without difficulty, normal lumbar spine motion, normal musculoskeletal motion, normal strength, and normal joint stability (3F/70-71; 9F/52-53; llF/84).

(Doc. No. 13 at 30-31).

Passmore concedes that the ALJ considered the necessary factors but contends the explanation of how she considered those factors is "confusing," "internally inconsistent," and ultimately "unreviewable." (Doc. No. 15 at 10). While I agree that parts of the ALJ's explanation may be somewhat ineloquent, I am able to trace her path of reasoning and conclude substantial

4

evidence supports her decision to find Reed's report "somewhat persuasive." Therefore, I decline Passmore's invitation to remand this matter but will address Passmore's points of concern.

The primary source of Passmore's "confusion" appears to be the following statement: "These conclusions are supported by a functional capacity evaluation the claimant [h]ad in February of 2018." (Doc. No. 13 at 31). Passmore introduces two interpretations of this sentence in support of her allegation that the explanation is "internally inconsistent."

First, relying on the ALJ's careless use of the word "support" in the sentence, Passmore asserts the ALJ concluded all of Reed's opined limitations restated in the first sentence of the above explanation "were supported by his own objective findings based on the examination he performed." (Doc. No. 15 at 10). But that is not the case. In fact, the ALJ did not conclude *any* of the opined limitations were "supported" by the "relevant the objective medical evidence and supporting explanations presented by [Reed]." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1).

When analyzing the "supportability" factor, the ALJ noted that Reed's "report provide[d] limited details of how the claimant performed during the various tests at the evaluation." (Doc. No. 13 at 31). The ALJ then concluded "the repetitive task, reaching, and use of hand limitations are not supported by the clinical findings upon examination." (*Id.*). In explanation of this conclusion, the ALJ discussed Reed's clinical findings that conflicted with his opined repetitive task, reaching, and use of hand limitations. The ALJ did not identify any clinical finding that actually "supported" Reed's opined limitations.

Passmore acknowledges but does not fault the ALJ's reasoning for finding certain opinions were not supported. She also does not assert that any of the objective findings contained in Reed's report actually support the opined limitations. Instead, she maintains the ALJ's explanation of the "supportability" factor does not satisfy the "substantial evidence" standard because it is "internally

5

inconsistent." While I agree that the ALJ's misuse of the term of art "support" resulted in a superficial "internal inconsistency," I am still able to trace the ALJ's path of reasoning and conclude substantial evidence supports her conclusion that the report lacked "supportability." *See Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011). Ultimately, the ALJ's inartful use of the word "support" does not amount to a reversible error.

Seemingly abandoning her assertion that the sentence spoke to the report's "supportability," Passmore next contends the sentence shows, "[t]he ALJ credited some of Mr. Reed's opinions because they were supported by the fact that Mr. Reed conducted a physical capacity evaluation." (Doc. No. 19 at 2). Relatedly, she asserts, "The ALJ then discredited other opinions even though they were also based upon the same physical capacity evaluation." (*Id.*). Read together, she suggests the ALJ considered the "examining relationship" subfactor to weigh in favor of only those opinions found in the first paragraph with the sentence at issue. This is not true.

With this second interpretation, Passmore correctly identifies the "relationship with the claimant" as the factor discussed by this sentence. For this reason, I agree that the sentence demonstrates that the ALJ credited Reed's report as a whole as "somewhat persuasive" in part because of that "examining relationship." 20 C.F.R. § 404.1520c(c)(3)(v); 20 C.F.R. § 416.920c(c)(3)(v). But there is nothing to suggest the ALJ inconsistently considered the "examining relationship" subfactor to credit only certain opinions within the report. Instead, the ALJ's explained that her decisions to credit or discredit specific opinions were based on her findings regarding the "supportability" and "consistency" of those specific opinions.

Finding no merit in Passmore's "internal inconsistency" arguments, I now turn to her final challenge wherein she faults the ALJ's review of the evidence, asserting, "the ALJ's extremely limited view of the medical record should not stand as substantial evidence contradicting Mr. Reed's opinions." (Doc. No. 15 at 11). While Passmore frames this as a challenge to the ALJ's

"consistency" findings, she states no meaningful challenge to the ALJ's conclusion that all of Reed's opined limitations other than "the sitting, kneeling, and crawling limitations" were "not fully consistent with the record as a whole." (Doc. No. 13 at 31).

Passmore generally disputes this conclusion, alleging "[t]he record … contains numerous records, as shown above, supporting Mr. Reed's opinions" and restating portions of the record "documenting [her] ongoing physical issues." (Doc. No. 15 at 11-14). But she identifies no specific opined limitation that she believes the ALJ erroneously rejected as "inconsistent," let alone set forth record evidence she believes to be consistent with that specific limitation. Therefore, I reject this argument as "a veiled attempt to have [me] reweigh the evidence." *Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022).

## IV. CONCLUSION

As I stated previously, I reject Judge Baughman's R & R as it did not address the issue raised by Passmore in this action.

After reviewing the issue raised anew, I conclude that the ALJ properly evaluated Reed's report by considering the necessary factors and explaining how she considered those factors. Substantial evidence supports the ALJ's finding that Reed's report was "somewhat persuasive" as well as the ALJ's decision as a whole. Therefore, the Commissioner's decision is affirmed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge